

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LOUIS SANDERS,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, Perry Correctional Institution,<br>    Respondent. | §<br>§<br>§<br>§  CIVIL ACTION NO. 9:18-2783-MGL-BM<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE PETITION WITH PREJUDICE**

Petitioner Louis Sanders (Sanders), a self-represented state prisoner, filed this case as a 28 U.S.C. § 2254 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent Warden's (the Warden) motion for summary judgment be granted and that the Petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 23, 2019, the Clerk of Court entered Sanders's objections on August 27, 2019, and the Warden filed his reply on September 10, 2019. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

A grand jury indicted Sanders in August 2007 for murder. After a trial, a jury found him guilty as charged. The trial judge then sentenced him to life imprisonment, without parole

Sanders filed a timely direct appeal. The South Carolina Court of Appeals dismissed the appeal. Thereafter, Sanders filed an application for post-conviction relief (PCR) in state circuit court. After conducting an evidentiary hearing, the PCR judge denied Sanders's PCR. The South Carolina Court of Appeals denied Sanders petition for a writ of certiorari to review the PCR court's denial.

Sanders then filed his Section 2254 petition in this Court, which he later amended. His amended petition raises the following grounds of relief:

> **Ground One**: Ineffective Assistance of Counsel
> Counsel failed to object to trial court's impermissible comment on the facts while instructing the jury on express malice.
>
> **Ground Two**: Ineffective Assistance of Counsel
> Trial counsel failed to object to the court's "seek the truth" charge that shifted the burden of proof.
>
> **Ground Three**: Ineffective Assist
> ance of Counsel
> Did the State PCR Court err in failing to find trial counsel rendered ineffective assistance in failing to object to the prejudicial comment made by the Solicitor during closing arguments that the lawyer for the State's witness feared that his client would be hurt as a result of testifying against [Sanders] at trial, thus implying that [Sanders] had threatened the State's witness?
>
> **Ground Four**: Ineffective Assistance of Counsel

> Was trial counsel constitutionally ineffective for failing to object to the Solicitor deliberately eliciting prejudicial hearsay testimony from Lashonda Downing and Maria Jackson about what the non-testifying children were allegedly to have seen and said about [Sanders] allegedly having a gun since [Sanders] could not challenge the hearsay and the import allowed the Solicitor capitalize on the hearsay and improperly"bolster" the State's case during closing summation?
>
> **Ground Five**: Ineffective Assistance of Counsel
> Was counsel constitutionally ineffective for failing to object when the Solicitor intentionally elicited prejudicial prior bad act testimony about [Sanders] allegedly having pointed a gun at someone not involved in the crime for which [Sanders] was being tried?
>
> **Ground Six**: Ineffective Assistance of Counsel
> Was counsel constitutionally ineffective for failing to [object] to the Solicitor's improper closing argument that improperly"bolstered" the State's case against [Sanders] and in effect gave the State the benefit of a third witness, since none of the testimony elicited and placed before the jury proved any element or fact as to whetheror not [Sanders] was guilty of the murder he was on trial for?
>
> **Ground Seven**: Ineffective Assistance of Counsel
> Was counsel constitutionally ineffective for failing to object to state witness Kim Bower's identification testimony during trial on the grounds of unduly suggestive out-of-court identification procedures used by police and the fact that Bowers on multiple previous occasions could not ID [Sanders] as the perpetrator and on other occasions ID'D another individual?

Petition at 6 and 8; Amended Petition at 1, 3, and 5.

The Magistrate Judge suggests all of Sanders's grounds for relief were procedurally defaulted at the state court level in his PCR. According to the Magistrate Judge, "because these issues were not properly pursued and exhausted by [Sanders] in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence." Report at 8.

3

The Magistrate Judge notes that, "[i]n an attempt to establish 'cause' for why he did not raise these claims in state court, [Sanders] argues that his PCR counsel failed to properly raise these claims." *Id* at 9. "However, . . ." the Magistrate Judge concluded, "this argument fails to establish the necessary 'cause' to overcome the procedural bar." *Id*. "Furthermore," according to the Magistrate Judge, Sanders's "claim of actual innocence lacks merit." Report at 33.

Sanders's objections are generally repackaged arguments already made to and rejected by the Magistrate Judge. Inasmuch as they are fully and correctly discussed in the Report, the Court need not repeat the discussion here. His remaining objections are either non-specific or so lacking in merit as to require no analysis. Therefore, Sanders's objections will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Sanders's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court the Warden's motion for summary judgment is **GRANTED** and Sanders's petition is **DISMISSED WITH PREJUDICE**; Sanders's motion for an extension of time to file his objections is **RENDERED AS MOOT**; and, to the extent Sanders requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 16th day of December, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.